UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------------

| | |
|---|---|
| IN RE: AVANDIA MARKETING, SALES PRACTICES & PRODUCTS LIABILITY LITIGATION | : MDL No. 1871<br>: 07-md-01871<br>:<br>: |

------------------------------------------------------------------

| | |
|---|---|
| JIMMY D. ADAMS, ET AL.<br><br>Plaintiffs,<br><br>v.<br><br>SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE<br><br>Defendant. | : Case No. 11-cv-815-CMR<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## DEFENDANT GLAXOSMITHKLINE LLC'S
## MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 12(b)(6), GlaxoSmithKline respectfully requests that the Court dismiss Plaintiff's Amended Complaint transferred from the Eastern District of Louisiana on February 3, 2011, on the grounds set forth in the accompanying memorandum of law.

Date:  March 9, 2011

Respectfully submitted,

/s/ Nina M. Gussack
Nina M. Gussack (Pa. Bar No. 31054)
Anthony C.H. Vale (Pa. Bar No. 28139)
Yulia Weisberg (Pa. Bar No. 306854)
PEPPER HAMILTON LLP
3000 Two Logan Square, 18th & Arch Streets
Philadelphia, PA 19103
(215) 981-4000

**Attorneys for Defendant
GlaxoSmithKline LLC**

Case 2:11-cv-00815-CMR   Document 4   Filed 03/09/11   Page 2 of 8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| IN RE: AVANDIA MARKETING, SALES PRACTICES & PRODUCTS LIABILITY LITIGATION | : MDL No. 1871<br>: 07-md-01871<br>:<br>: |

---

| | |
|---|---|
| JIMMY D. ADAMS, ET AL.<br><br>Plaintiffs,<br><br>v.<br><br>SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE<br><br>Defendant. | : Case No. 11-cv-815-CMR<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## ORDER

AND NOW, this        day of              , 2011, after consideration of Defendant's Motion to Dismiss Plaintiff's Amended Complaint and any response thereto, it is HEREBY ORDERED that the Plaintiff's Amended Complaint is DISMISSED WITH LEAVE TO AMEND.

BY THE COURT:

_____
Cynthia M. Rufe, J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

----------------------------------------------------------------

| | |
|---|---|
| IN RE: AVANDIA MARKETING, SALES PRACTICES & PRODUCTS LIABILITY LITIGATION | : MDL No. 1871<br>: 07-md-01871<br>:<br>: |

----------------------------------------------------------------

| | |
|---|---|
| JIMMY D. ADAMS, ET AL.<br><br>Plaintiffs,<br><br>v.<br><br>SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE<br><br>Defendant. | : Case No. 11-cv-815-CMR<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT GLAXOSMITHKLINE LLC'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

**I.    INTRODUCTION**

Plaintiff's Amended Complaint ("Complaint") was transferred to this Court on February 3, 2011. Mr. Adams was initially the first-named Plaintiff of a 185 plaintiff complaint. These remaining plaintiffs were severed from this Complaint by Order of this Court on February 11, 2011.

Pursuant to Fed. R. Civ. P. 12(b)(6), GlaxoSmithKline respectfully requests that the Court dismiss Plaintiff's Complaint, on the ground that the Complaint provides no facts showing that Jimmy D. Adams has a plausible claim against GlaxoSmithKline.

**II.    STATEMENT OF FACTS**

Jimmy D. Adams alleges to be a resident of Ouachita Parish, Louisiana. *Am. Compl.* ¶ 6. The Complaint alleges no other facts whatsoever that are specific to Mr. Adams: it

does not state the dates that he took Avandia, who prescribed Avandia, any facts showing that the prescription was induced by the conduct of GSK, the specific injury Avandia allegedly caused Mr. Adams, or when that alleged injury occurred. Rather, the Complaint merely contains a series of conclusions. *See e.g. Am. Compl.* ¶¶ 1, and 255-61.

### III.  STANDARD OF REVIEW

A complaint may be dismissed for "failure to state a claim upon which relief can be granted."[1] To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[2] Conclusory statements alone are insufficient to survive a motion to dismiss, rather the complaint must contain facts that state a plausible claim.[3] A claim is facially plausible when the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[4] The plausibility standard is not met where plaintiff "pleads facts that are 'merely consistent with' a defendant's liability."[5] Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[6]

Since *Iqbal,* the Court of Appeals for the Third Circuit has instructed district courts to conduct a two-part analysis when presented with a motion to dismiss:

---

[1] FED.R.CIV.P. 12(b)(6).

[2] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).

[3] *Iqbal,* 129 S. Ct. at 1950.

[4] *Id.* at 1949.

[5] *Id.*

[6] *Twombly,* 550 U.S. at 555.

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.
>
> Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"[7]

## IV. ARGUMENT

The Complaint fails to show an entitlement to relief on behalf of Mr. Adams for several reasons.

**First,** the Complaint does not provide any facts relating to the prescription of Avandia to Mr. Adams. Absent from the Complaint is the identity of the prescribing physician(s), the date(s) of the Avandia prescriptions, and when Mr. Adams took Avandia. The Complaint does not show, for example, that Mr. Adams suffered an alleged injury after taking Avandia as opposed to before, or, if after, within a period of time after taking Avandia that makes it plausible that Avandia was the cause of the alleged injury.

**Second,** the Complaint does not link GSK's alleged wrongful conduct to the prescription of Avandia. The Complaint asserts that GSK misrepresented and omitted information about the safety of Avandia, but does not allege any facts showing that the physician who prescribed Avandia to Mr. Adams did so because of some conduct of GSK. Physicians prescribe medicine for many reasons, and the Complaint lacks any facts showing that Mr. Adams' prescribing physician would not have prescribed Avandia but for GSK's alleged

---

[7] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations omitted).

wrongful conduct.[8] Many physicians continued patients on Avandia despite the publication of Dr. Nissen's article in May 2007[9] or the boxed warning that was added in 2007,[10] and therefore it cannot be presumed that a different warning would have caused the prescribers not to prescribe Avandia to Mr. Adams.

**Third,** the Complaint does not identify Mr. Adams's injury and how it was caused by Avandia. The Complaint merely contains a "formulaic recitation" of the alleged injury, as every plaintiff's injury is pleaded in exactly the same language.[11]

Legal conclusions combined with bare assertions that Mr. Adams ingested Avandia and sustained injuries, without "further factual enhancement," do not allow the Court to draw "the reasonable inference that [GSK] is liable for the misconduct alleged."[12] Other district courts have dismissed complaints against pharmaceutical companies that fail to set forth facts showing an entitlement to relief.[13]

---

[8] *See UFCW Local 1776 v. Eli Lilly & Co.*, 620 F.3d 121, 135 (2d Cir. 2010) (recognizing that prescribers consider many factors when deciding to prescribe a medication, including patient's diagnosis, past and current medications taken by patient, prescriber's own experience with prescribing the medication, and physician's knowledge of the medication's side effects).

[9] Steven E. Nissen & Kathy Wolski, *Effect of Rosiglitazone on the Risk of Myocardial Infarction and Death from Cardiovascular Causes*, 356 NEW ENGL. J. MED. 2457 (2007).

[10] Avandia Label, issued November 2007, http://www.accessdata.fda.gov/drugsatfda_docs/label/2007/021071s031lbl.pdf (last visited Dec. 15, 2010).

[11] *E.g., Am. Compl.* ¶ 262 (alleging that plaintiff sustained unidentified "physical injuries").

[12] *See Iqbal*, 129 S. Ct. at 1949.

[13] *Kester v. Zimmer Holdings, Inc.*, No. 10-523, 2010 U.S. Dist. LEXIS 59869, at *31 (W.D. Pa. June 16, 2010) (dismissing breach of express warranty claim and finding cursory legal conclusions insufficient where complaint's "formulaic recitation" of the elements to the cause of action was devoid of factual support); *Monroe v. Baxter Healthcare Corp. (In re Heparin)*, MDL 1953, No. 09-60137, 2010 U.S. Dist. LEXIS 11297, at *6-*7 (N.D. Ohio Feb. 9, 2010) (granting motion to dismiss complaint in adulterated heparin MDL where plaintiff did not adequately allege proximate causation); *Gonzalez v. Bristol-Myers Squibb Co.*, No. 07-902, 2009 U.S. Dist. LEXIS 121093, at *23 (D.N.J. Dec. 30, 2009) (finding claims against prescription drug manufacturer did not state plausible claim for relief where they contained legal conclusions without factual support); *Gomez v. Pfizer, Inc.*, 675 F. Supp. 2d 1159, 1162-64 (S.D. Fla. 2009) (dismissing negligence and strict liability claims against drug manufacturer where plaintiff failed to plead sufficient facts to state a plausible claim for relief).

## V.     RELIEF

For the foregoing reasons, GlaxoSmithKline requests that the Court dismiss the Amended Complaint, with leave to amend.

Date:   March 9, 2011

Respectfully submitted,

_____
Nina M. Gussack (Pa. Bar No. 31054)
Anthony C.H. Vale (Pa. Bar No. 28139)
Yulia Weisberg (Pa. Bar No. 306854)
PEPPER HAMILTON LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA  19103
(215) 981-4000

**Attorneys for Defendant
GlaxoSmithKline LLC**

## CERTIFICATE OF SERVICE

I, Yulia Weisberg, hereby certify that on this 9th day of March 2011, I did cause to have the foregoing Motion to Dismiss, Proposed Order, and Memorandum of Law in Support of the Motion to Dismiss, served by First Class Mail, postage prepaid, and ECF electronic notification upon the following:

Douglas R. Plymale, (La. Bar No. 28409)
James R. Dugan, II (La. Bar No. 24785)
DUGAN LAW FIRM, PLC
One Canal Place
365 Canal Street, Suite 1000
New Orleans, LA 70130

Jeff Guerriero (La. Bar No. 19602)
GUERRIERO & GUERRIERO
2200 Forsythe Avenue
Post Office Box 4092
Monroe, Louisiana 71201

Frank J. D'Amico, Jr. (La. Bar No. 17519)
Reed Bowman (La. Bar No. 30408)
THE LAW OFFICES OF
FRANK J. D'AMICO, JR., PLC
622 Baronne Street, 2nd Floor
New Orleans, LA 70113

Yulia Weisberg